# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EDDIE SAVAGE,

        Petitioner,     :     Case No. 1:21-cv-33

- vs -                         District Judge Douglas R. Cole
                                  Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                                             :

        Respondent.

## DECISION AND ORDER DENYING STAY;
## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Eddie Savage under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and the Reply (ECF No. 7). The Reply is combined with a motion for "stay in obeisance" which the Magistrate Judge interprets as a motion for a stay of this case pending the outcome of pending state court litigation.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 8).

Respondent advises in the Return and Petitioner agrees in his Reply that Warden Collins is the proper party respondent in this case. The caption is ordered amended accordingly.

1

**Factual Background**

On December 17, 2016, the Metro PCS store on Reading Road in Cincinnati was robbed at gunpoint. On December 26, 2016, the Metro PCS on Glenmore Road was similarly robbed. Finally, on January 5, 2017, the Boost Mobile Store on Glenway Road was robbed. Petitioner was indicted for all three robberies, but convicted at trial only of the third. *State v. Savage,* 2019-Ohio-4859 ¶¶ 2-6 (Ohio App. 1st Dist. Nov. 27, 2019).

**Litigation History**

Petitioner was indicted by a Hamilton County grand jury on February 2, 2017, on three counts of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1) and three counts of robbery in violation of Ohio Revised Code § § 2911.01(A)(2), arising from three separate robberies of cellphone stores. (Indictment, State Court Record, ECF No. 5, Ex. 1). The aggravated robbery charges carried firearm specifications. *Id.* At a jury trial in June 2018, Savage was found guilty of one count each of robbery and aggravated robbery with the firearm specification for the Boost Mobile event, but acquitted on the other counts. The Common Pleas Court merged the robbery and aggravated robbery counts under Ohio Revised Code § 2941.25 and sentenced Savage to eleven years imprisonment, plus the mandatory three-year consecutive sentence on the specification, for a total of fourteen years (Judgment Entry, State Court Record, ECF No. 5, Ex. 5).

Savage appealed with new counsel, pleading the following Assignments of Error:

> **First:** The trial court erred and erred and prejudiced the Defendant by imposing a more than minimum prison sentence which was not supported by the record.
>
> **Second:** The trial court erred and prejudiced the defendant by joining three unrelated cases for trial together.
>
> **Third:** A Defendant's right to a fair trial is violated when a prosecutor's misconduct is cumulative.
>
> **Fourth:** The trial court erred and prejudiced the defendant by not surpressing [sic] the evidence obtained in photo lineups.

(Appellant's Amended Brief, State Court Record, ECF No. 5, Ex. 7, PageID 47). The Ohio First District Court of Appeals affirmed the conviction and sentence. *State v. Savage*, 2019-Ohio-4859 (1st Dist. Nov. 27, 2019), appellate jurisdiction declined, 158 Ohio St. 3d 1424 (2020).

Although he was represented by counsel on direct appeal, Savage filed a *pro se* Motion for Reconsideration in the First District on December 23, 2019 (State Court Record, ECF No. 5, Ex. 10). The issues presented in this Motion are (1) that the evidence of Boost Mobile packaging or paperwork in Savage's rented truck was not relevant to prove his guilt and/or not properly authenticated, and the prosecutor committed misconduct related in presenting this evidence (*Id.* at PageID 98-102); (2) prosecutorial misconduct in forcing a co-defendant to invoke his privilege against self-incrimination in front of the jury (*Id.* at PageID 103-06); (3) prejudicial joinder of the charges involving robberies of three separate mobile phone stores (*Id.* at PageID 107-10). The First District summarily denied the Application, writing "The application is not well taken and is hereby denied." (Entry, ECF No. 5, Ex. 13). Although Savage appealed, the Supreme Court of Ohio declined to exercise appellate jurisdiction. (Entry, ECF No. 5, Ex. 17).

Proceeding *pro se*, Savage filed a motion on February 25, 2020, to request the trial court "to notice plan [sic] error under 52(B)[1]". In it he challenged the admissibility of State's Exhibits 17D and

---

[1] Ohio R. Crim. P. 52(B) provides "Plain errors or defects affecting substantial rights may be noticed although they

3

17E on authenticity and relevance grounds (Motion, State Court Record, ECF No. 5, Exhibit 18, PageID 167-71). He then accused a police officer witness (Lampe) of misrepresenting the evidence, the prosecutor of tampering with the evidence, and his own attorney of providing ineffective assistance of trial counsel by not objecting to the evidence (*Id.* at PageID 172-76).

The State argued that the Rule 52(B) motion should be dismissed because Rule 52(B) does not provide a vehicle by which to challenge a conviction (Motion, ECF No. 5, Ex. 19, PageID 179). If the Motion were to be construed as a post-conviction petition, it should be dismissed as untimely. *Id.* Alternatively, it should be denied as barred by *res judicata. Id.* Judge Luebbers dismissed the motion as "not well taken". (Entry, State Court Record, ECF No. 5, Ex. 20) and Savage did not appeal.

On November 24, 2020, Savage filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which he amended on December 15, 2020. *Id.* at Exs. 21 and 22. In the original Petition he makes claims about Exhibits 17D and 17E which are parallel to those made in the pending Petition in this Court. He also asserts that there was not probable cause to support the warrant for his arrest and the Hamilton County Municipal Court complaint does not confer subject matter jurisdiction, rendering his conviction void. In the Amended Petition he repeated these allegations and added that it was ineffective assistance of appellate counsel for his appellate attorney not to raise these claims (State Court Record, ECF No. 5, Ex. 22, PageID 220). He mentions that it was on February 5, 2020, that he was able to obtain from his trial attorney copies of Exhibits 17D and 17E which had been produced to his counsel in pre-trial discovery. *Id.* at PageID 223.

These petitions remained pending when the Return was filed on April 30, 2021.

On January 25, 2021, Savage filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** On January 27, 2017, police officer Mike Lampe jimmied Petitioner's rented truck and created two falsehoods. The

---

were not brought to the attention of the court."

4

> prosecution armed with both presented (1) at trial (non-material). After closing arguments exchanged the exhibits for those that depict alleged evidence.
>
> **Ground Two**: Denied the right of appeal – on timely reconsideration. Petitioner alerted the district of the false evidence. [First] District court [of appeals] dismissed reconsideration as not well-taken.
>
> **Ground Three:** Trial counsel conspired with those to corrupt the outcome of Petitioner's trial by knowing about the two falsehoods and failing to object or notify.

(Petition, ECF No. 1).

## Analysis

**Motion to Stay**

In part, Petitioner's Reply asks for a stay of these proceedings, presumably until the Ohio courts complete their processing of his pending Petition for post-conviction relief under Ohio Revised Code § 2953.21. He filed that Petition in November 2020 and amended it the next month, but it has not yet been ruled on by the trial court, much less the First District and the Supreme Court of Ohio.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

> first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

In this case there is not good cause to enter a stay.

First of all, Savage's Petition and Amended Petition for post-conviction relief are untimely. Ohio Revised Code § 2953.21(A)(2) provides that a petition for post-conviction relief must be filed not later than 365 days after the transcript on appeal has been filed. Respondent reports that the transcript was filed October 18, 2018, (Return, ECF No. 6, PageID 283) and Petitioner does not dispute that report. Therefore, Savage's post-conviction petition was filed more than one year after the deadline.

Ohio Revised Code § 2953.21(A)(2) is not a mere statute of limitations. Rather, Ohio Revised Code § 2953.23 deprives the Common Pleas Court of jurisdiction to entertain an untimely post-conviction petition unless:

> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code

6

> or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

See *State v. Apanovitch*, 155 Ohio St. 3d 358, 2018-Ohio-4744, ¶¶ 35-42(Failure to satisfy Ohio Rev. Code §§ 2953.21, 2953.23(A) deprived trial court of subject matter jurisdiction to consider petition).

Petitioner does not rely on right any newly-recognized by the Supreme Court and made retroactive. The facts on which he relies – the asserted discrepancies between trial exhibits and copies of those exhibits provided to his attorney in pre-trial discovery – were known to his attorney before trial. In these circumstances, notice to the attorney was notice to the Petitioner who is the defendant's agent for these purposes. Even if one only looks to the date on which Savage alleges he received them personally – February 5, 2020 – there is no showing that he was prevented from seeing them earlier, indeed at any time after his attorney received them. Only by concocting an implausible and unsupported theory of conspiracy among his attorney, the police, and the prosecutor does he offer some explanation of why receipt by his attorney before trial "unavoidably prevented" him from seeing these exhibits until February 5, 2020. The Court notes also that he waited almost ten months after receiving the documents from his trial lawyer to seek relief.

7

Because the Hamilton County Court of Common Pleas lacks jurisdiction to entertain Savage's delayed post-conviction petitions, his alternative motion for a stay pending decision on those Petitions is DENIED.

**Procedural Default**

Respondent asserts that all of Petitioner's habeas corpus claims are procedurally defaulted (Return of Writ, ECF No. 6, PageID 277).

In response to the procedural default defense, Petitioner argues:

> Contrary to, the Respondent argument, the claims here are, and not limited to fabricated probable cause to arrest an innocent person, the use of false evidence, the use of perjury and conspiracy, tampering with the outcome of an official proceeding. All of which is contrary to federal law, where there is a fundamental miscarrage [sic] of justice, the federal courts have jurisdiction. These claims must agree with the principles thereof.

(Reply, ECF No. 7, PageID 291). Immediately following this argument, he accuses Respondent of relying on "procedural law" to arrest and convict an innocent person. *Id.* The Magistrate Judge reads the Reply to be asserting the "fundamental miscarriage of justice exception" to procedural default.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

8

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

9

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Savage has not attempted to show excusing cause and prejudice. Instead, he argues his procedural defaults should be excused because the failure of this Court to consider the merits of his claims would result in a miscarriage of justice. The Supreme Court has recognized a miscarriage of justice exception to the procedural default bar, but only for a person who can prove he or she is actually innocent. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that

10

"avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Many persons convicted of serious crimes seek the benefit of the miscarriage of justice/actual innocence exception to procedural default, but the Supreme Court has adopted strict limitations on that exception. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)." See also *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). In *Souter*, the Sixth Circuit noted that the Supreme Court "counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.*

Savage has presented no new evidence of the quality required by *Schlup*. He has presented no new eyewitness to say, for example, that the robber of the Boost Mobile store did not look at all like Savage. Nor has he presented any new scientific or physical evidence at all.

Because Savage has presented no satisfactory new evidence of actual innocence, the Court must analyze each ground for relief under the *Maupin v. Smith* standard outlined above.

**Ground One**

In his First Ground for Relief, read broadly, Savage is alleging that the police created false evidence from the truck Savage had rented and the State used it at trial. These claims were available to be raised on direct appeal, but were not. They are well beyond the scope of the Assignments of Error raised in that proceeding. To the extent that Petitioner is claiming that he

11

received ineffective assistance of trial counsel when his attorney did not make appropriate objections, that claim could also have been raised on direct appeal but was not.

Under Ohio law, claims which could have been raised on direct appeal but were not are barred from later consideration by the Ohio criminal law doctrine of *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981). The First District's denial of Petitioner's Motion for Reconsideration, although summary, must be taken as a denial on the basis of *res judicata*. *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

To the extent Savage is asserting these claims were not raised on direct appeal because of the ineffective assistance of appellate counsel, the appropriate mechanism for raising that claim under Ohio law is by application for reopening the direct appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Savage has never filed a 26(B) application and the ninety days after appellate judgment during which such an application must be filed has long since expired.

Petitioner's First Ground for Relief is barred by his procedural defaults in presenting it to the Ohio courts and should be dismissed on that basis.

**Ground Two: Denial of Right to Appeal**

In his Second Ground for Relief, Savage appears to be claiming that he was denied his right to appeal when the First District did not consider his claim that the State had presented false evidence on his motion for reconsideration.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

It follows logically that if a State is not required by the Constitution to provide **any** appellate process, it is certainly not required to allow a defendant to get what amounts to a second appeal by presenting claims omitted from a first appeal by way of a motion for reconsideration. As Respondent points out in the Return, Ohio does not in fact allow introduction of entirely new assignments of error by way of motions for reconsideration.

Ground Two should be dismissed because it does not state a claim upon which relief can be granted in habeas corpus, that is, a violation of the federal Constitution.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney did not object to the "false" evidence regarding Exhibits 17D and 17E.

The Court declines to consider Petitioner's allegation that his attorney conspired with the police and the prosecutor to ignore this problem. Petitioner has never presented this conspiracy theory to any Ohio court. His inference of conspiracy from the fact that counsel did not object is wholly speculative. To put it simply, the fact that a person has not done something is insufficient in itself to prove that person has conspired with someone else not to do that thing.

Petitioner first presented this claim of ineffective assistance of trial counsel to the state court in his Rule 52(B) motion. As Respondent points out, Rule 52(B) does not create a procedure for making post-conviction challenges to a conviction. If the challenge can be decided on direct appeal, it must be raised in that forum or be barred by *res judicata*. *State v. Perry, supra.* If, on the other hand, it must be proved by facts outside the appellate record, it must be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Savage did not raise this claim on direct appeal and his post-conviction petition was filed more than a year late.

Petitioner's Third Ground for Relief should therefore be dismissed as procedurally

14

defaulted.

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 17, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

**NOTICE REGARDING RECORD CITATIONS**#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

15

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**