# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EDDIE SAVAGE,

        Petitioner,  :  Case No. 1:21-cv-33

- vs -          District Judge Douglas R. Cole
        Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
 Pickaway Correctional Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Eddie Savage under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 10) to the Magistrate Judge's Denial of Stay and Report and Recommendations (the "Report," ECF No. 9). District Judge Cole has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Order, ECF No. 11).

**Denial of Stay**

Petitioner sought a stay of these habeas corpus proceedings pending the outcome of proceedings in the Hamilton County Court of Common Pleas on his "Delayed Post-Conviction 2953.21" and "Amended Delayed Post-Conviction 2953.21" (State Court Record, ECF Nos. 21

1

and 22). These pleadings were filed on November 24, 2020, and December 15, 2020, respectively, and they remained pending as of the date the Return of Writ was filed, April 30, 2021.

The Report denied a stay, applying the standard adopted in *Rhines v. Weber*, 544 U.S. 269 (2005). The Magistrate Judge reasoned that both pleadings were untimely under Ohio Revised Code § 2953.21 and therefore the Common Pleas Court lacked jurisdiction to consider them on the merits (Report, ECF No. 9, PageID 303). Neither party has reported to the Court any action on those pleadings as of the date of this Supplemental Report.

Petitioner objects that:

> Contrary to the Magistrates misapprehension - petitioner filed an affidavit within the amended Delayed post-conviction alerting the courts that when trial counsel came to meet with the Petitioner before trial, he presented the same depiction of the 17D and 17E that was published at trial (key on driver seat, 3-8x11 papers on the floor board of the truck). See Page #235 - That counsel handing over the same boost depiction as the court record 17D and 17E was just merely an attempted [sic] to conceal the conspiracy.

(Objections, ECF No. 10, PageID 325). The referenced page of the record, PageID 235, is labeled by Petitioner as an affidavit of trial counsel Kip Guinan admitting that he presented the false evidence to Savage before trial and that he conspired with Police Office Lampke and Prosecutor Mary Polston to corrupt the outcome of the trial. However even on its face it is clear this document is not an affidavit of attorney Guinan because it plainly bears Petitioner's signature above the notary's jurat. This is simply not proof that the evidence was tampered with or falsified, much less of any conspiracy among police, prosecution, and defense trial attorney.

Regarding the Report's conclusion that Petitioner's Delayed and Amended Delayed post-conviction petitions were untimely, Savage says in the body of the Amended Delayed Petition:

> Until February 5, 2020, where Petitioner was able to obtain copies of said exhibits, Petitioner presumed that Exhibits 17D and 17E

2

> were the same as depicted at trial. "The key on the driver seat and some paperwork on the floor board", upon receiving the copies of exhibits 17D and 17E, the Petitioner realized that exhibits at trial were different from those delivered to the jury for deliberation. (See Exhibits 8, 9, 10 and 11).

(Amended Delayed Petition, State Court Record, ECF No. 5, PageID 223.)  There is in fact nothing attached to the Amended Delayed Petition which is labeled Exhibit 8, 9, 10, or 11; the first labeled exhibit is Exhibit 16. *Id.* at PageID 236.

As further ground for a stay, Petitioner avers "On 9-10-2020, Petitioner filed a State habeas corpus with Pickaway Coounty [sic]. The petition dehords [sic] the respondent furnished record and therefore deprives the Magistrate recommendation from a meaningful review." (Objections, ECF No. 10, PageID 326).  Petitioner did not include this Petition in his Motion for Stay and does not present it now.  Without the content of that Petition, the Court cannot judge whether it merits a stay under *Rhines*.

Petitioner advises that his currently pending petitions under Ohio Revised Code § 2953.21 present claims that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him because the affidavit underlying the arrest warrant did not contain probable cause (Objections, ECF No. 10, PageID 327).  But lack of probable cause supporting an arrest warrant would not prevent a common pleas court from having subject matter jurisdiction.  Ohio common pleas courts are courts of general jurisdiction.  *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949). Only the Hamilton County Common Pleas Court would have subject matter jurisdiction to try a felony case arising within that county.  The grand jury returned an indictment upon its finding of probable cause and an arrest warrant was issued on that finding (Indictment, State Court Record, ECF No. 10, Ex. 1).  That is sufficient to establish subject matter

jurisdiction.

**Procedural Default**

The Report concluded all of Petitioner's Grounds for Relief were procedurally defaulted. The Magistrate Judge read Petitioner's response to that defense as claiming he was actually innocent and rejected that claim because the "new evidence" on which Savage relies does not meet the demanding standards for such evidence prescribed by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Savage objects that the Report "fail[s] to test the false exhibits against the critical physical evidence prong of *Shlup* [sic]." (Objections, ECF No. 10, PageID 328). But Savage has not presented "new" evidence to this Court. Instead he claims, as best the Magistrate Judge understands it, that exhibits 17D and 17E as sent to the jury room are not the same exhibits 17D and 17E that were admitted in evidence, a fact he claims he discovered in some undisclosed way on February 5, 2020, and which he first presented in his "Motion to Request the Court to Notice Plan [sic] Error under [Rule] 52(B)" (State Court Record, ECF No. 5, Ex. 18).

The State defended against that Motion by arguing that Ohio R. Crim. P. 52(B) is not a vehicle for post-conviction relief (State Court Record, ECF No. 5, Ex. 19, PageID 180). Such relief can be obtained through a petition under Ohio Revised Code § 2953.21, but Savage's motion was untimely. *Id.* More importantly, because "[t]he photographs he discusses in the motion were admitted during the trial," the issue is barred by *res judicata* because it could have been raised on direct appeal. *Id.* Judge Luebbers found the motion was not well taken (State Court Record ECF No. 5, Ex. 20) and Savage did not appeal, leaving her finding that the motion was not well taken

unchallenged.

Whatever Petitioner has presented to the state courts that he claims is new evidence, he has presented no new evidence to this Court that satisfies *Schlup*. Thus he has not overcome his procedural default in presenting this claim on direct appeal.

The Report noted that under Ohio law claims of ineffective assistance of appellate counsel must be made by way of an application to reopen the appeal under Ohio R. App. P. 26(B); Savage has never made such an application and the time for doing so has passed. On this basis the Report found any claims of ineffective assistance of appellate counsel to be procedurally defaulted.

Petitioner objects that his Delayed Petition and Amended Delayed Petition depend on facts outside the record (Objections, ECF No. 10, PageID 330). However, the Supreme Court of Ohjio has plainly and consistently held that claims of ineffective assistance of appellate counsel cannot be brought under Ohio Revised Code § 2953.21. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

**Conclusion**

The Magistrate Judge remains persuaded that all of Petitioner's Grounds for Relief are barred by procedural default and again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 3, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #