IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EDDIE SAVAGE,

          Petitioner,      :      Case No. 1:21-cv-33

  - vs -                          District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                                    :
          Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Eddie Savage under 28 U.S.C. § 2254, is before the Court on "Petitioner[']s de novo review of the magistrate[']s Supplement[al] Recommendations: Petitioner request for Evidentiary Hearing." (ECF No. 13, 14). District Judge Cole has interpreted this filing as objections to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 12) and has recommitted the case pursuant to Fed.R.Civ.P. 72(b)(3) for further analysis and recommendations (ECF No. 15).

**Litigation History**

On December 17, 2016, the Metro PCS store on Reading Road in Cincinnati was robbed at gunpoint. On December 26, 2016, the Metro PCS store on Glenmore Road was similarly robbed. Finally, on January 5, 2017, the Boost Mobile store on Glenway Road was robbed, again at

1

gunpoint. Petitioner was indicted for all three robberies, but convicted at trial only of the third. Represented by new counsel, Savage appealed to the Ohio First District Court of Appeals, which affirmed the trial court *State v. Savage,* 2019-Ohio-4859 (Ohio App. 1st Dist. Nov. 27, 2019), appellate jurisdiction declined, 158 Ohio St.3d 1424 (Mar 03, 2020).

On December 23, 2019, a month after the appellate decision, Savage filed a *pro se* motion for reconsideration in the First District, arguing, *inter alia*, that the evidence of Boost Mobile packaging or paperwork in the truck rented by him and found by police 150 yards from his residence was not relevant to prove his guilt and/or not properly authenticated, and the prosecutor committed misconduct in presenting this evidence (State Court Record, ECF No. 5, Ex. 10, PageID 98-102). Savage's theory is that the Boost mobile packaging found in the truck is not relevant:

> The Boost packaging the prosecution alleges that was found in the truck would be just boost packaging that could be from any boost mobile or could be packaging for anything etc, unless a witness with first hand knowledge testifies that the packaging in fact was or could have been stolen from the robbery in question then the state is not permitted to use those packaging as guilt against the accused because the packages do not make it more probable that savage committed any crime, just at best that those where in the truck which is irrelevant to weather [sic] he robbed the store in question or not.

*Id.* at PageID 100-101.

The portion of the First District's Opinion on which Savage sought reconsideration was a single paragraph:

> {29} Finally, Savage claims that the prosecutor misstated the evidence in opening and dosing by telling the jurors that Boost packaging was found in the truck that Savage rented. However, the state submitted two photographs into evidence that showed Boost packaging in the truck. Thus, the prosecutor's remarks were accurate representations of the evidence.

(Opinion, State Court Record, ECF No. 5, PageID 93).

Savage's appellate attorney had raised this question as part of the Third Assignment of

Error, claiming cumulative prosecutorial misconduct. The entire argument on this point reads:

> **Cumulative Prosecutor Misconduct**
>
> The state claimed during opening argument T.P. 3023 and closing argument T.P. 914 that there was evidence on counts 5&6 found in the recovered Fl50, thus creating the false impression of evidence. The Defendant also submits that the cumulative effect of the prosecutor's misconduct deprived defendant of a fair trial.

(Appellant's Brief, State Court Record, ECF No. 5, Ex. 7, PageID 61).

On January 30, 2020, the First District denied the motion for reconsideration summarily (Entry, ECF No. 5, Ex. 13)[1].

Savage then returned to the trial court on February 25, 2020, and asked it to notice plain error under Ohio R. Crim. P. 52(B). He challenged the admissibility of State's Exhibits 17D and 17E, again on authenticity and relevance grounds, accused a police officer witness (Lampe) of misrepresenting the evidence, the prosecutor of tampering with the evidence, and his own attorney of providing ineffective assistance by not objecting to the evidence (Motion, State Court Record, ECF No. 5, Exhibit 18, PageID 167-76). The trial judge denied the motion summarily and Savage did not appeal.

However, on December 15, 2020, Savage filed an Amended Delayed Post-Conviction Petition under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 5, Ex. 22). In it he again raises his claim that Trial Exhibits 17D and 17E are irrelevant and/or not properly authenticated. *Id.* As of the time the Return of Writ was filed (April 30, 2021) the Common Pleas Court had not acted on this Delayed Petition and neither party has advised the Court of any action taken on it since then.

On January 7, 2021, Savage filed his Petition for Writ of Habeas Corpus in this Court, pleading:

---

[1] In the meantime Savage had also pursued a *pro se* appeal to the Supreme Court of Ohio making the same relevance and authentication claims (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, Ex. 15). That court declined jurisdiction. *Id.* at Ex. 17.

> **Ground One:** On January 27, 2017, police officer Mike Lampe jimmied Petitioner's rented truck and created two falsehoods. The prosecution armed with both presented (1) at trial (non-material). After closing arguments exchanged the exhibits for those that depict alleged evidence.
>
> **Ground Two:** Denied the right of appeal – on timely reconsideration. Petitioner alerted the district of the false evidence. [First] District court [of appeals] dismissed reconsideration as not well-taken.
>
> **Ground Three**: Trial counsel conspired with those to corrupt the outcome of Petitioner's trial by knowing about the two falsehoods and failing to object or notify.

(Petition, ECF No. 1).

The Warden asserted a procedural default defense as to all claims. Savage responded with a "fundamental miscarriage of justice" claim, but presented no new evidence of actual innocence. The Magistrate Judge's original Report concluded Grounds One and Three were barred by procedural default and Ground Two failed to state a claim upon which habeas corpus relief could be granted because there is no federal constitutional right to compel a state appellate court to reconsider its decision (ECF No. 9).

Savage objected, Judge Cole recommitted the case, and the Magistrate Judge again concluded all the pleaded Grounds for Relief were procedurally defaulted, as well as whatever claims Savage was making that he received ineffective assistance of appellate counsel to excuse any procedural default (ECF No. 12). Savage has again objected and the case has again been recommitted.

**Petitioner's Latest Objections**

### Objection to Procedural Default

In objecting to the Magistrate Judge's conclusion that his claims are procedurally defaulted, Savage asserts:

> The magistrate contends that the exhibits 17D 17E were admitted at trial but the magistrate dose [sic] not rely on any facts- for example- the testimony of the proponent (Mike Lampe) attesting at trial that states exhibits 17D17E are boost mobile packaging and are from the crime in question- And that he found those exhibits inside savage's rented truck during his search of the truck. For that reason, petitioner contends that the magistrate assertion that the boost mobile packaging exhibits were admitted at trial are wholly speculative.

(Objections, ECF No. 14, PageID 355).

This is an argument on the merits, not on procedural default. Whatever items were marked as trial exhibits 17D and 17E either were or were not the same items sent to the jury. If they were not, that claim should have been raised as an assignment of error on direct appeal. Because it was not, it is procedurally defaulted as a matter of *res judicata* under *State v. Perry,* 10 Ohio St. 2d 175 (1967), repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted). Ineffective assistance of appellate counsel can excuse failure to raise an issue on direct appeal, but that ineffective assistance of appellate counsel claim must first be raised in the state courts in the manner those courts have chosen for presenting such claims. *Edwards v. Carpenter*, 529 U.S. 446 (2000), In Ohio the sole method for presenting such claims is an application for reopening the

appeal under Ohio R. App. P. 26(B), which Savage has never filed.

The Objections do not attempt to rebut the Magistrate Judge's finding that Savage has presented no new evidence of actual innocence to excuse his procedural defaults. Instead Savage seems to argue that it is the Magistrate Judge's task to point to evidence in the record showing the relevance and/or authenticity of these exhibits. But that goes to the merits of the claim which this Court is barred from considering. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

Moreover, if the Court did reach the merits of Savage's claims of irrelevance or lack of authenticity, it would have to dismiss them for failure to state a claim upon which habeas corpus relief can be granted. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Whether a particular piece of evidence is relevant or has been properly authenticated is a question of state evidence law, not federal constitutional law.

Finally, it appears to the Magistrate Judge that the substance of Savage's argument is that the Boost Mobile packaging, whether in its original form or in photographic form, has not been closely enough associated with the Boost Mobile robbery to be relevant or material to his guilt. The Magistrate Judge disagrees. The packaging is, of course, circumstantial, not direct, evidence. The packaging cannot take the witness stand and testify that it was taken in the Boost Mobile robbery.

Nor is there any eyewitness who can testify that he or she saw Savage take this particular packaging from the store. But circumstantial evidence is not required to be conclusive in order to be relevant and material. There was direct testimony that the robbers took objects in Boost Mobile packaging during the robbery. There was also direct testimony that this particular packaging was found on the floor of a truck Savage had rented, in close proximity to the time of the robbery and in close proximity to his residence. Although the entire trial transcript has not been filed, Savage himself has included pages from the transcript showing that the investigating detective recovered a sim card during a search of Savage's home which Boost Mobile identified as part of their inventory (Delayed Post-Conviction Petition, State Court Record, ECF No. 5, Ex. 22, PageID 246-47).

Savage argues the Boost Mobile packaging is not conclusive. That is true, but a single piece of circumstantial evidence, with the exception of DNA analysis, is rarely conclusive. This packaging is part of a chain of evidence pointing to Savage as the perpetrator of the crime. If there were innocent explanations of why there was Boost Mobile packaging on the floor of the truck Savage rented, he did not present them at trial.

Savage complains that neither the Magistrate Judge nor the State can prove that Exhibits 17D and 17E were admitted at trial. However, the Court of Appeals found that they were in ¶ 29 quoted above, disambiguating "packaging" and "photographs of packaging." That finding is being on this Court unless Savage disproves it by clear and convincing evidence. 28 U.S.C. § 2254(e).

Having decided that Exhibits 17D and 17E are improper, Savage has constructed an elaborate additional theory: inadmissible is equivalent to false. With that step taken, he then accuses the prosecutor of presenting known false testimony as in *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Even if the evidence was inadmissible, presenting inadmissible evidence is not the same as presenting false testimony. Savage goes on to construct a claim that his own attorney conspired

with the prosecutor to present this "false" testimony. There is not a scrap of evidence to support this claim.

Savage's current Objections do not respond at all to the procedural default analysis previously offered and they are unpersuasive on the merits.

**Objection to Motion to Stay**

As noted above, Savage has a pending amended delayed petition for post-conviction relief in the Hamilton County Court of Common Pleas. In his Petition Savage sought a stay of these proceedings pending the outcome of that action (Petition, ECF No. 1, PageID 15). The Magistrate Judge denied a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), because that filing had been made more than a year after the deadline for doing so and the Ohio trial courts do not have jurisdiction over late petitions (Report, ECF No. 9, PageID 303). Savage relied on the completely implausible conspiracy theory involving his trial attorney to excuse his delay.

Savage objected to the denial of a stay in his original Objections, but made no response to the subject matter jurisdiction analysis, instead relying on his conspiracy theory (ECF No. 10, PageID 325). In fact he relied on false affidavits he himself prepared to prove the conspiracy. As further grounds for a stay, he claimed he had filed for state habeas corpus, but provided no proof. He also asserted he had raised in the Amended Delayed Petition a claim that the trial court had lacked subject matter jurisdiction to try the case. The Magistrate Judge concluded that neither of these pending actions provided a basis for a stay.

Petitioner now objects:

> Petitioner redirect [sic] the magistrate's attention to (Doc 5 PAIG ID 252) Which is state exhibit 17D boost depiction, (Doc 5 PAGE ID

8

> 253) which is States exhibit 17E close up of boost packaging, which was obtained from the courts. (Doc 5 PAIG 254) is a pretrial exhibit of exhibit 17E which is close up of boost depiction, the photographs do not depict the exhibits sticker obtained from trial attorney 2-5-2020. (Doc 5 PAIG ID 255) is a pretrial boost depiction exhibit of 17D the photographs do not depict the exhibits sticker obtained from trial attorney 2-5-2020.

(Objections, ECF No. 14, PageID 360). The pages in question are part of the State Court Record as filed by the Warden, presumably created by scanning into .pdf format as required by the Court's filing system those portions of the record maintained by the Hamilton County Clerk of Courts. That is to say, PageID 252, 253, 254, and 255 are digital copies by the Attorney General of those pages as filed by Savage as exhibits to his Amended Delayed Petition for Post-Conviction Relief.

Upon examination of those pages as they appear as part of the State Court Record in this case, the Magistrate Judge can see that PageID 252 and 253 contain scans of exhibit stickers with respectively 17D and 17E; PageID 254 and 255 do not contain scans of exhibit stickers. Savage avers he obtained PageID 254 and 255 from his trial attorney on February 5, 2020, and seems to say they are in the form his attorney obtained them in pretrial discovery, whereas he claims he obtained PageID 252 and 253 "from the courts." *Id.*

As a litigant, Savage is prepared to elevate lack of authentication by the State to prosecutorial misconduct by presenting false evidence, allegedly in conspiracy with his trial attorney. But he has presented no authentication at all for his claims about where these four pages came from. He gives the Court only his own unsworn word without any corroboration.

The Hamilton County Court of Common Pleas has immediate physical access to the complete state court record from the files of its Clerk. It can examine the physical trial exhibits and the trial transcript to determine what exhibits were admitted at trial, whether any of them were labeled 17D or 17E, check what the records show as to what exhibits were delivered to the jury,

and determine whether there is any evidence of conspiracy or whether, in fact, the First District's ¶ 29 is correct. If it does so, it has authority to construe the Amended Delayed Petition for Post-Conviction Relief as a motion for leave to file a delayed motion for new trial which has no absolute time limit under Ohio law and decide whether Savage exercised due diligence in waiting from February until November, 2020, to file. *State v. Schlee*, 117 Ohio St. 3d 153 (2008). But in the Magistrate Judge's judgment, such an outcome is so unlikely that it does not merit a stay of these proceedings.

**Objection to subject matter jurisdiction**

Savage's pending post-conviction proceedings contain a claim that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him because the affidavit underlying the arrest warrant did not contain probable cause. The Magistrate Judge rejected this claim as a basis for a stay because such a defect in the arrest warrant would not deprive the Common Pleas Court of jurisdiction for trial. Savage objects, relying on *Jackson v. City of Cleveland,* 925 F.3d 793 (6th Cir. 2019), but *Jackson* does not support his position. That case was an action under 42 U.S.C. § 1983 for malicious prosecution. In such a case, the Sixth Circuit held that a grand jury indictment showed there was probable cause for police officers to make arrests, thereby defeating a malicious prosecution claim, unless

> (1) [A] law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly ma[de] false statements (such as in affidavits or investigative reports) or falsifie[d] or fabricate[d] evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, [we]re material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions d[id] not consist solely of grand-jury testimony or preparation for that testimony (where

10

> preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury).

*Jackson*, 925 F. 3d at 821, quoting *King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017). *Jackson* has nothing to do with the subject matter jurisdiction of an Ohio Common Pleas court to try a felony case on the basis of an indictment returned by a grand jury in the relevant county. It is instead about a civil action for malicious prosecution.

The affidavit to which Savage refers is an affidavit in support of an arrest warrant apparently filed in the Hamilton County Municipal Court. The document thus identified by Savage appears at PageID 236 and does not bear a time stamp nor a signature of the affiant, so it has not been authenticated by Petitioner. More importantly, the arrest warrant upon which the Common Pleas Court obtained personal (not subject matter) jurisdiction over Savage is the warrant issued at the request of the prosecutor upon the return of an indictment by the grand jury (State Court Record, ECF No. 5, Ex. 1).

Savage has not shown the Common Pleas court lacked subject matter jurisdiction to try this case. In recognizing our authority to stay habeas cases pending exhaustion, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2).

*Rhines*, 544 U.S. at 277. The fact that Savage has a meritless claim of lack of subject matter jurisdiction pending in the Common Pleas Court is not good grounds to delay resolution of this habeas corpus case until the Common Pleas Court tells him his claim is meritless.

11

**Objections too [sic] Ground two**

As noted above, when Savage lost his direct appeal, he filed *pro se* a motion for reconsideration in the First District, raising his claims about Exhibits 176D and 17E for the first time. His Second Ground for Relief claims that the First District's summary denial of reconsideration denied him his right to appeal.

The original Report recommended dismissal of this claim because it was procedurally defaulted and because there is no federal constitutional right to appeal a state criminal conviction, much less to obtain reconsideration of a denial of such an appeal (Report, ECF No. 9, PageID 310). Although Ground Two was not discussed in the Supplemental Report, Savage has now objected to its dismissal. Inserting his false evidence claim from Ground One, he contends that the false evidence enabled the First District to improperly affirm his conviction "and that for such an error no issues would have to had been raised on direct appeal" (Objections, ECF No. 14, PageID 364).

Savage's "false evidence" claim is that exhibits went to the jury which had not been admitted in evidence and/or were irrelevant and/or were not authenticated. He gives no reason at all why such a claim would not have to have been raised on direct appeal or otherwise forfeited. He cites no authority for the proposition that such an omitted issue can be raised on a motion for reconsideration. He makes no response to the State's claim that, even if his argument could be considered on reconsideration, it was untimely.[2]

Savage's Ground Two should therefore be dismissed as procedurally defaulted (untimely)

---

[2] Ohio R. App. P. 26(A0(1)(a) requires that a motion for reconsideration be filed within ten days of the appellate judgment. The judgment was filed and served November 27, 2019, but Savage did not file his Application for Reconsideration until December 23, 2019, sixteen days after it was due on December 7, 2019. Because the First District denied the Application without discussion, we infer it enforced this time limit, which was raised by the State. See Memorandum in Opposition, State Court Record, ECF No. 5, Ex. 11, PageID 115.

and without merit (no constitutional right to appellate reconsideration).

**Petition for Evidentiary Hearing**

Savage includes in his Objections a Petition for an Evidentiary Hearing. He contends he is entitled to a hearing

> because the magistrate raised a genuine issue (**without supporting facts (**emphasis sic**)**) as to whether or not the exhibits where [sic] present at trial. Petitioner petition this honor [sic] court for an evidentiary hearing to test the validity of exhibits 17D 17E as to whether or not reasonable mind could conclude that the exhibits where [sic] not presented at trial and therefore the use of those exhibits by the jury to determine guilt was the use of false evidence.

(Objections, ECF No. 14, PageID 364, relying on *Schriro v. Landrigan*, 550 U.S.465 (2007).

On the contrary, it is Savage who has made the claim that exhibits 17D and 17E as provided to the jury were not present at the trial. The finding of the First District in ¶ 29 of its opinion rejects this argument as a basis for relief by finding there was no prosecutorial misconduct in the prosecutor's reference to these exhibits. This Court is bound by that factual finding in the absence of clear and convincing evidence that it is untrue. 28 U.S.C. § 2254(e).

In *Schriro* the Supreme Court held it was not an abuse of discretion to deny an evidentiary hearing in a habeas case when the facts sought to be shown at such a hearing would have been insufficient for granting relief. Since *Schriro*, the Court has considerably narrowed the standard for granting an evidentiary hearing. In *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388 (2011), the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Id.* at 1399. *Pinholster* has been strictly enforced by the Sixth Circuit to the point of disallowing consideration of the results of an

13

evidentiary hearing even when stipulated to by the State. *Pinholster* precludes an evidentiary hearing in this case.

**Conclusion**

Having reviewed the case in light of Petitioner's most recent Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 17, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #