## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**EDDIE SAVAGE,**

      **Petitioner,**

      **v.**

**WARDEN, PICKAWAY**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

          **Case No. 1:21-cv-33**
          **JUDGE DOUGLAS R. COLE**
          **Magistrate Judge Merz**

## OPINION AND ORDER

This cause comes before the Court on three separate Reports and Recommendations ("R&Rs") that Magistrate Judge Merz filed in this matter, along with his Orders directed at various non-dispositive motions that Petitioner Eddie Savage has filed along the way.

The Magistrate Judge filed his first R&R on June 17, 2021. ("R&R," Doc. 9). There, the Magistrate Judge recommends that the Court dismiss Savage's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Magistrate Judge combined with the R&R a decision denying Savage's then-pending Motion for Stay of Proceedings. (Doc. 7). Savage timely filed Objections to the R&R ("Pet. Objs. to R&R," Doc. 10), including an objection to the denial of the stay.

The Court then returned this matter to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(3) for further analysis. (*See* Doc. 11). That led to a Supplemental Report and Recommendations ("Supp. R&R," Doc. 12) filed August 4, 2021, which again recommended dismissing Savage's Petition with prejudice. Savage again timely

filed Objections to the Supplemental R&R, and moved for an evidentiary hearing. ("Pet. Objs. to Supp. R&R," Doc. 13).

Once again, given Savage's supplemental objections, the Court returned the matter to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(3) for further analysis. (*See* Doc. 15). In response, the Magistrate Judge issued a Second Supplemental R&R ("2d Supp. R&R," Doc. 16) on November 17, 2021, again recommending that the Court dismiss the Petition with prejudice. He also combined with that R&R an Order denying the motion for an evidentiary hearing. Savage thereafter filed another set of Objections ("Pet. Objs. to 2d Supp. R&R," Doc. 17) on December 6, 2021.

A few weeks later, on December 30, 2021, Savage moved for a prospective extension of time to respond to any future court filings. (*See* Doc. 18). The Magistrate Judge denied that Motion that same day (*see* Doc. 20), and Savage objected to the denial of the Motion on January 10, 2022 (Doc. 21).

Accordingly, the three R&Rs and the Magistrate Judge's Orders denying Savage's various Motions are now before the Court. For the reasons set forth more fully below, the Court **OVERRULES** Savage's Objections (Docs. 10, 14, 17) to the R&R (Doc. 9), the Supplemental R&R (Doc. 12), and the Second Supplemental R&R (Doc. 16). As a result, the Court **ADOPTS** the R&R (Doc. 9), the Supplemental R&R (Doc. 12), and the Second Supplemental R&R (Doc. 16) and **DISMISSES** Savage's Habeas Petition (Doc. 1) **WITH PREJUDICE**. Because the Court finds that reasonable jurists would not disagree with this conclusion, the Court **DENIES**

Savage a certificate of appealability. Further, the Court **CERTIFIES** that any appeal of this Opinion would be objectively frivolous.

Additionally, the Court **OVERRULES** Savage's objections to the Magistrate Judge's Orders denying Savage's Motion for Stay of Proceedings (Doc. 10) and Motion for Evidentiary Hearing (Doc. 13). Finally, the Court **DENIES AS MOOT** Savage's Motion for Extension of Time (Doc. 18) **WITHOUT PREJUDICE**, and **OVERRULES** Savage's objection to the denial (Doc. 21).

## PROCEDURAL HISTORY

### A.  State Court Proceedings

On February 2, 2017, a Hamilton County Grand Jury indicted Savage on three counts of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1) and three counts of robbery in violation of Ohio Revised Code § 2911.019(A)(2). (Request for Issuance of Warrant, Doc. 5, #29–33[1]). The charges arose from robberies that occurred at two Metro PCS cell phone stores and one Boost Mobile cell phone store, all taking place between December 17, 2016, and January 5, 2017. *State v. Savage*, No. C-180413, 2019 WL 6353778, at *1–2 (Ohio Ct. App. Nov. 27, 2019). In June 2018, a jury acquitted Savage of the two robberies at the Metro PCS stores but convicted him of robbing the Boost Mobile store. *Id.* at *1–2. Savage received a total sentence of 14 years on July 3, 2018. (J. Entry, Doc. 5, #41–43).

Assisted by new counsel, Savage appealed his conviction on July 11, 2018. (Notice of Appeal, Doc. 5, #44). Savage asserted four Assignments of Error:

---

[1] Refers to PAGEID #.

**First:** The trial court erred and prejudiced the Defendant by imposing a more than minimum prison sentence which was not supported by the record.

**Second:** The trial court erred and prejudiced the defendant by joining three unrelated cases for trial together.

**Third:** A Defendant's right to a fair trial is violated when a prosecutor's misconduct is cumulative.

**Fourth:** The trial court erred and prejudiced the defendant by not surpressing [sic] the evidence obtained in photo lineups.

(Am. Brief of Appellant, Doc. 5, #45–63). On November 27, 2019, the Ohio First District Court of Appeals overruled all of Savage's Assignments of Error and affirmed the trial court's judgment. *Savage*, 2019 WL 6353778, at *5. Of some note to the instant Petition, relating to the appeals court's resolution of the third assignment of error, the court rejected Savage's contention that the prosecutor improperly referenced, in their opening and closing statements, photos of Boost Mobile packaging recovered from a vehicle Savage was renting. *Id.* at *4. In particular, contrary to Savage's argument on appeal, the appeals court found the trial court had admitted the photos of the packaging into evidence during the trial, and thus it was not misconduct for the prosecutor to reference them in opening and closing. *Id.*

Savage, now proceeding *pro se*, filed a Motion for Reconsideration in the First District Court of Appeals on December 23, 2019. (Appl. for Recons., Doc. 5, #97–113). Savage's Motion principally argued that the prosecution erred in "creating [a] false impression of [the] evidence," by discussing the images of Boost Mobile packaging. (*Id.* at #98). Savage next contended that the trial court committed prejudicial error by allowing the prosecution to call a co-defendant as a witness, who then invoked his

4

privilege against self-incrimination on the stand. (*Id.* at #103–06). Finally, Savage re-raised his objection to the joinder of the three robberies into one trial. (*Id.* at #107–10). The First District Court of Appeals summarily denied the Motion for Reconsideration on January 30, 2020, stating in full: "The application is not well taken and is hereby denied." (Entry Denying Appl. for Recons., Doc. 5, #131).

On January 6, 2020, Savage appealed to the Supreme Court of Ohio, (Notice of Appeal, Doc. 5, #132), and on March 3, 2020, the Court declined to exercise jurisdiction. *State v. Savage*, 140 N.E.3d 743 (Ohio 2020).

Savage, again proceeding *pro se*, then returned to the Hamilton County Court of Common Pleas, where, on February 25, 2020, he moved that court to "notice [plain] error under [Ohio Criminal Rule] 52(B)." (Rule 52(B) Mot., Doc. 5, #165). There, for the first time, Savage alleged that the trial court had improperly admitted the two exhibits, Exhibit 17D and 17E, which were photographs depicting Boost Mobile packaging apparently situated in the passenger-side footwell of a vehicle Savage had rented. (*Id.* at #169). Specifically, Savage alleged the two photographs were both irrelevant and unauthenticated. (*Id.*).

Moreover, Savage raised another new argument. Based on new copies he had obtained of the two photos on February 20, 2020, he argued that the Exhibits 17D and 17E that were included in the trial court record (depicting papers bearing reference to Boost Mobile) were not the Exhibits 17D and 17E that had been submitted during the evidentiary portion of the trial. (*Id.* at #172–73). Rather, he claims that, sometime after the trial, but before the exhibits went to the jury for

5

deliberations, someone swapped out the Exhibits 17D and 17E used at trial—which he claims did not depict Boost Mobile packaging—for the Exhibits 17D and 17E that are now in the trial court record—which do show such packaging. (*Id.*).

The State responded, arguing that an Ohio Rule 52(B) motion was an improper vehicle to challenge a conviction, and requesting the court dismiss the Motion. (Mot. to Dismiss, Doc. 5, #179–83). In addition, the State contended that even if the Motion were construed as a motion for postconviction relief, it would be considered untimely under state law. (*Id.* at #180).

The Hamilton County Court of Common Pleas summarily dismissed the Ohio Rule 52(B) Motion on October 21, 2020. (Entry Dismissing Def.'s Mot., Doc. 5, #184).

On November 24, 2020, Savage filed a Petition for "Delayed Postconviction" Relief in the Hamilton County Court of Common Pleas under Ohio Revised Code § 2953.21. (Delayed Postconviction, Doc. 5, #185–216). Thereafter, he filed an amended Petition for Postconviction Relief on December 15, 2020. (Am. Delayed Postconviction, Doc. 5, #217–65). Read broadly, these Petitions principally advance five arguments: (1) the prosecution and police falsified Exhibits 17D and 17E; (2) no probable cause supported Savage's arrest; (3) the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him; (4) Savage received ineffective assistance of trial counsel; and (5) Savage received ineffective assistance of appellate counsel. (*Id.* at #217–65). The Petition remains pending as of the time of this Opinion.

**B.    Savage's Habeas Petition**

Savage initiated the instant habeas proceedings on January 15, 2021. (Petition for Writ, Doc. 1). In his Petition, Savage raised three grounds for relief, all of which relate, in one way or another, to his claim that Exhibits 17D and 17E were swapped out during trial:

> **Ground One:** On January 27, 2017, police officer Mike Lampe jimmied Petitioner's rented truck and created two falsehoods. The prosecution armed with both presented (1) at trial (non-material). After closing arguments exchanged the exhibits for those that depict alleged evidence.
>
> **Ground Two:** Denied the right of appeal – on timely reconsideration. Petitioner alerted the district of the false evidence. [First] District court [of Appeals] dismissed reconsideration as not well-taken.
>
> **Ground Three:** Trial counsel conspired with those to corrupt the outcome of Petitioner's trial by knowing about the two falsehoods and failing to object or notify.

(*Id.* at #7–10).

Savage's first ground explicitly raised the issue of the alleged swap. Expanding in his Reply, Savage argued that, before and during trial, Exhibits 17D and 17E contained what he refers to as irrelevant and unauthenticated "paperwork." (Doc. 7, #293–94). Then, after the close of evidence, Savage alleged the "prosecution switched [Exhibits 17D and 17E] so that the jury would deliberate" with photographic evidence of the Boost Mobile materials. (*Id.*). Savage claimed he only learned of this plot on February 5, 2020, when he received the Boost Mobile images with evidence stickers on them. (*Id.* at #294).

In his second ground, Savage alleged he was denied the right of appeal by Ohio's First District Court of Appeals, apparently when that court declined to

consider Savage's claims about the falsity of Exhibits 17D and 17E. (Petition for Writ, Doc. 1, #8). Although the initial Petition for habeas relief asserts this ground, neither in that Petition, nor in his Reply, did Savage provide any further explanation as to how the District Court denied his "right to appeal." (*See* Reply, Doc. 7). Rather, his Reply merely alleged that the state appellate court wrongly decided his motion. (*Id.* at #292–93).

His third ground restated his concerns about Exhibits 17D and 17E, but with a new twist. Specifically, Savage contended he received ineffective assistance of counsel when his trial counsel joined the "conspiracy" to switch out the two photographs. (*Id.* at #293–94). Savage argued that any competent trial counsel would have noticed the evidence had changed, and so counsel's failure to object necessarily shows that they participated in the plot. (*Id.*).

Finally, Savage included in his Reply a Motion for "Stay in Obiesance," which the Court construes as a Motion to Stay the instant habeas proceedings while the pending amended delayed postconviction petition can be heard by the state courts. (*Id.* at #287).

## C. The R&R's Analysis

Following Savage's Petition and Reply, the Magistrate Judge issued an R&R recommending that the Court dismiss Savage's Petition with prejudice. (R&R, Doc. 9, #312). The R&R found that each of Savage's contentions was procedurally defaulted and barred from consideration. (*Id.*).

8

The R&R began by recommending this Court deny the first ground as procedurally defaulted. The R&R noted that under Ohio law, the doctrine of *res judicata* bars later consideration of claims that a defendant could have, but did not, raise on direct appeal. (R&R, Doc. 9, #309). Because Savage did not raise the contention on direct appeal that Exhibits 17D and 17E were "swapped" at trial, the R&R reasoned that these claims were procedurally defaulted. (*Id.*). Indeed, the R&R noted that *res judicata* likely prompted the appellate court's summary denial of Savage's Motion for Reconsideration. (*Id.*). In addition, the R&R preemptively noted that Savage could not escape this procedural default by claiming ineffective assistance of appellate counsel, as Ohio law requires Savage to raise that issue by way of a Rule 26(B) motion, which he never did. (*Id.*).

Next, the R&R concluded that Savage's second ground did not give rise to a right to relief, as there is no constitutional "right to appeal." (*Id.* at #310). As the right does not exist, the R&R reasoned that the Ohio appellate court could not have violated Savage's (nonexistent) constitutional right to an appeal by rejecting his Motion for Reconsideration. (*Id.*).

Finally, the R&R concluded that the third ground also did not warrant habeas relief. (*Id.* at #311). The R&R "declined to consider" Savage's contention that his trial counsel joined a conspiracy with police and prosecution to violate his rights. (*Id.*). Moreover, the R&R noted that Savage raised no claim on direct appeal of ineffective assistance, and Savage's Petition for Postconviction Relief under Ohio Revised Code § 2953.21 "was filed more than a year late." (*Id.*).

The Magistrate Judge also denied Savage's Motion to Stay proceedings. (*Id.* at #303). Although a court may stay habeas proceedings to allow state proceedings to play out, this relief is "available only in limited circumstances" where there is good cause for failing to exhaust state remedies and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). The Magistrate Judge found that, because each ground was procedurally defaulted in state court, a stay is unwarranted. (R&R, Doc. 9, # 303).

## D.  Savage's Objections To The R&R

Savage filed his Objections to the first R&R on July 2, 2021. (Pet. Obj. to R&R, Doc. 10). Savage objected that the R&R had not offered sufficient reasoning to refute his allegation that the exhibits were "swapped" between trial and jury deliberations. (*Id.* at #326).

Then, Savage alleged, for the first time, that he filed a state habeas corpus petition in Pickaway County on September 10, 2020.[2] (*Id.*). Savage believed that the Magistrate Judge's failure to consider this petition "deprive[d] the Magistrate recommendation from a meaningful review." (*Id.*).

Savage next raised, also for the first time in federal court, a contention that the warrant application preceding his arrest was deficient for lack of probable cause. (*Id.* at #327). He argued that, because the warrant lacked probable cause, the

---

[2] To the Court's knowledge, no such petition exists within the record. As is discussed below however, the Court ultimately finds that the existence of a state habeas petition would not alter the Court's holding.

Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him. (*Id.*).

Turning to the issue of procedural default, Savage alleged he was "unavoidably prevented" from discovering the "swap" of evidence before February 5, 2020. (*Id.* at #328). Under Ohio law, an untimely postconviction petition for relief will not be procedurally barred if the evidence was unavoidably prevented from being discovered by the defendant. Ohio Rev. Code § 2953.23(A)(1)(a). Savage argued that he could not have known the jury deliberated with the Boost Mobile images because the exhibits depicted "paperwork" at trial and then were swapped outside his presence. (Pet. Obj. to R&R, Doc. 10, #329–30). Savage then seemingly argued, again for the first time, that he did not need to raise an Ohio Rule of Appellate Procedure 26(B) motion for ineffective assistance of appellate counsel because he was attempting to supplement the record with new evidence. (*Id.* at #330).

Finally, Savage revived his claim that he was denied his right to an appeal when the First District Court of Appeals did not accept his contention that the Boost Mobile images were falsified. (*Id.* at #331).

In response to these objections, the Court returned the matter to the Magistrate Judge with instructions to file a Supplemental R&R. (Doc. 11).

## E.    The Supplemental R&R

The Magistrate Judge subsequently issued a Supplemental R&R, maintaining his recommendation the Court dismiss the Petition with prejudice and refuting the Objections Savage raised. (Supp. R&R, Doc. 12). The Supplemental R&R reiterated

11

that Savage had procedurally defaulted all claims, and that Savage failed to carry his burden of showing otherwise. (*Id.* at #338).

Next, the Supplemental R&R quickly rejected Savage's other contentions. First, it noted that the record contained no state habeas petition, and that Savage had not included evidence of one in his Objection. (*Id.* at #336). Then, the Supplemental R&R disagreed with Savage's argument that the trial court lacked subject matter jurisdiction, noting that County Courts of Common Pleas in Ohio possess general jurisdiction. (*Id.*). Lastly, the Supplemental R&R recognized that Savage had failed to submit new evidence in the record to support his conspiracy theory and evade procedural default. (*Id.* at #337–38).

## F.    Savage's Objections To The Supplemental R&R

In response to the Supplemental R&R, Savage filed a second set of Objections. (Pet. Objs. to Supp. R&R, Doc. 13). Savage's renewed Objections largely reiterated many of the points previously made.

Savage argued that his state Petition for Postconviction Relief was not untimely because he had no means of seasonably discovering that Exhibits 17D and 17E had been falsified. (*Id.* at #356). Savage continued by again asserting that these exhibits were irrelevant and unauthenticated, and that the State could not show that 17D and 17E were admitted at trial (as the record currently reflects). (*Id.* at #358). Savage reargued his claim that there was not probable cause to support his arrest, which allegedly deprived the trial court of subject matter jurisdiction to try him. (*Id.* at #361–62). He reiterated his claim that the First District Court of Appeals violated

his right to appeal by relying on allegedly false evidence. (*Id.* at #362–64). Finally, Savage moved for an evidentiary hearing to test his theory that Exhibits 17D and 17E were not admitted in trial. (*Id.* at #364–65).

In response to these new objections, the Court again returned the matter to the Magistrate Judge with instructions to file a Second Supplemental R&R. (Doc. 15).

## G.  The Second Supplemental R&R

In the Second Supplemental R&R, the Magistrate Judge once again asserted his recommendation that Savage's Petition be dismissed with prejudice. (2d Supp. R&R, Doc. 16, #382). The Second Supplemental R&R concluded Savage's contentions about the probity and admissibility of Exhibits 17D and 17E were arguments "on the merits, not on procedural default." (*Id.* at #373). Moreover, it found no cause to grant the stay of proceedings in light of Savage's procedural default and found no evidence that made it likely Savage would prevail on the merits. (*Id.* at #376–78). The Second Supplemental R&R also refused Savage's subject matter jurisdiction contention as meritless, and again rejected Savage's claim concerning a right to appeal. (*Id.* at #378–81). Finally, the Magistrate Judge denied Savage's request for an evidentiary hearing. (*Id.* at #381).

## H.  Savage's Objections To The Second Supplemental R&R

Savage thereafter filed another set of Objections. (Pet. Objs. to 2d Supp. R&R, Doc. 17). By and large, Savage used these renewed Objections to reiterate his contentions raised in the prior Objections. Specifically, Savage argued that he was unavoidably prevented from uncovering evidence of the conspiracy sooner, (*id.* at

#388), that the Second Supplemental R&R never entertained his claim that the exhibits were not relevant or properly authenticated, (*id.* at #390), that the record shows evidence of "swapped" exhibits, (*id.* at #391–92), and that the Court of Common Pleas lacked subject matter jurisdiction because there was no probable cause to support this arrest. (*Id.* at #394). Perhaps the only novel objection Savage presented was that the state courts had a fair opportunity to adjudicate his claims because the First District Court of Appeals could have noticed these errors on its own motion *sua sponte*. (*Id.* at #395).

## I.     Savage's Motion For Extension Of Time

Savage then moved for a prospective grant of additional time to respond to any future filings in the case. (Doc. 18). The Magistrate Judge denied this motion. (Doc. 20). Savage objected to the denial of his motion. (Doc. 21).

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No.

14

1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, as noted, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). At the same time, pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

As to those unobjected portions of the R&Rs, the Court has an obligation to review the recommendation. The advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases).

Here, in addition to the matters covered in the R&Rs, the Magistrate Judge's Orders also include rulings on various non-dispositive motions. As to such rulings, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## LAW AND ANALYSIS

Review here involves questions of both timing and substance. All agree that the claims Savage seeks to press here in habeas—basically relating to his claim of switched exhibits—are currently pending before a state court. As exhaustion is a fundamental aspect of habeas, the question arises as to whether the Court should stay this proceeding pending the outcome of that state court action. Indeed, Savage moved for just such a stay. But the Magistrate Judge denied that request. That is the question of timing.

The reason the Magistrate Judge denied the request for a stay, though, requires a detour through the merits. According to the Magistrate Judge, the habeas claims are plainly meritless, and thus, under Supreme Court precedent, the federal court should deny the stay and dispose of the claims on the merits, rather than awaiting the outcome of the state court proceedings. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). That is the question of substance.

Savage offers objections to the Magistrate Judge's determinations on both fronts, and he separately seeks an evidentiary hearing to substantiate his switched-evidence allegations. Having reviewed the R&Rs, Orders on the various Motions, and Savage's various Objections to each of them, though, the Court concludes that the Magistrate Judge was correct, both as to issues of timing and substance. Because Savage's claims are plainly meritless, the Magistrate Judge correctly denied the stay, and properly dismissed the habeas petition on the merits. Nor is there any need for an evidentiary hearing. Accordingly, as further described below, the Court affirms the Magistrate Judge's approach on all fronts.

16

**A.** **The Magistrate Correctly Rejected Savage's Request For A Stay.**

Habeas has an exhaustion requirement, under which defendants in state custody must first present their claims for relief to state court, before asserting them in a federal habeas petition. 28 U.S.C. § 2254(b)(1). That requirement is not mere makeweight. Rather, it serves important comity interests by allowing state courts the first crack at correcting any constitutional issues that may have arisen in state court proceedings. *See Ex parte Royall*, 117 U.S. 241, 252 (1886) (describing the historical basis for requiring state court exhaustion). Here, Savage is currently pressing his switched-evidence claims in state court. Accordingly, Savage has requested a "Stay in Obiesance," which the Magistrate Judge interpreted as a motion to stay Savage's federal court proceedings pending completion of that state court action.

The Magistrate Judge rejected Savage's request, finding that "there is not good cause to enter a stay" because Savage's unexhausted state court claims are meritless. (R&R, Doc. 9, #303). As support for that result, the Magistrate Judge relied on *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). There, the Supreme Court held a federal court may grant a stay of habeas proceedings to allow state court exhaustion only if both (1) a petitioner has "good cause" for their failure to exhaust, *and* (2) the petitioner's unexhausted claims are not "plainly meritless." *Id.* at 277. Here, the Magistrate Judge determined that Savage's unexhausted claims are plainly meritless, and accordingly no stay is warranted.

In his Objections, Savage argues that the claims are not in fact meritless. But, as explained immediately below, the Court disagrees. That is so on two fronts. First, he has procedurally defaulted the claims that he seeks to press here, meaning that

they are not cognizable in habeas. Second, even if he had not done so, the claims would fail on the merits. For both of those reasons, the Court concludes that the Magistrate Judge did not commit clear error or act contrary to law in denying Savage's request for a stay. Accordingly, this Court **AFFIRMS** the Magistrate Judge's Order **DENYING** that Motion.

## B.  The Magistrate Judge Correctly Determined That Savage's Claims Are Both Procedurally Defaulted and Meritless.

As for the R&Rs themselves, Savage has separately objected to the R&R, the Supplemental R&R, and the Second Supplemental R&R, each of which recommend dismissing his habeas petition with prejudice. Basically, the R&Rs find both that Savage's claims (1) are procedurally defaulted, and (2) otherwise fail on the merits. Read expansively, Savage presents four basic objections to those conclusions. As to the former, he first argues that he did not procedurally default his claims because, under Ohio law, he was unavoidably prevented from finding the necessary evidence in a timely manner. Second, he argues that, in any event, he falls within the fundamental miscarriage of justice exception to the rule that precludes habeas review of procedurally defaulted claims. Third, he argues the trial court lacked subject matter jurisdiction to try him and so his conviction is void ab initio. Finally, Savage claims that the Magistrate Judge was wrong to conclude that the claims fail on the merits.

For the reasons stated more fully below, the Court finds each of the four arguments unavailing. Moreover, as to those portions of the R&Rs to which Savage has not lodged objections, the Court has reviewed the R&Rs and determined that they

18

do not contain "clear error on [their] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Accordingly, the Court **OVERRULES** Savage's Objections to the R&R (Doc. 10), Objections to the Supplemental R&R (Doc. 13), and Objections to the Second Supplemental R&R (Doc. 17).

### 1.    Savage Has Procedurally Defaulted His Claims Under Ohio Law.

Savage first contends that his delay in presenting his allegations of evidence swapping and falsification can be excused under Ohio law because he was unavoidably prevented from receiving the necessary evidence sooner. (Pet. Objs. to Supp. R&R, Doc. 13, #344). By Savage's account, he had no means of detecting the switch in the evidence at the time of trial, (Pet. Objs. to R&R, Doc. 10, #330), and discovering that alleged wrongdoing "took due diligence." (Pet. Objs. to Supp. R&R, Doc. 13, #344). The Court is unpersuaded.

Under Ohio law, a petitioner must file for postconviction relief within 365 days after the transcript of the proceedings has been filed for appeal. Ohio Rev. Code § 2953.21(A)(2). An Ohio court cannot entertain an untimely petition for postconviction relief unless "petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or there has been intervening U.S. Supreme Court precedent that retroactively gives the petitioner a claim to relief. Ohio Rev. Code § 2953.23(A)(1)(a). Moreover, the petitioner must also demonstrate by "clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense" in question. *Id*. § 2953.23(A)(1)(b).

Applying that standard here, the Court finds that Savage's allegations concerning Exhibits 17D and 17E are procedurally defaulted in state court. The State reports Savage's transcript was filed for appeal on October 18, 2018. (Resp., Doc. 6, #283). Neither Savage nor the state court record contradict this report. (R&R, Doc. 9, #303). Savage filed his first complaint about the inauthenticity of these exhibits in his delayed Postconviction Petition for Relief on November 24, 2020. (Delayed Postconviction, Doc. 5, #185, 196). Savage filed his postconviction petition over one year late. Even assuming these claims were not available on direct appeal, they remain untimely as raised in a postconviction petition. *See State v. Apanovitch*, 121 N.E.3d 351, 360 (Ohio 2018) ("[A] petitioner's failure to satisfy [Ohio Revised Code § 2953's statutory filing deadline] deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

The Court also finds that Savage has failed to articulate any excuse for the delay. Savage objects that he was "unavoidably prevented" from bringing his claim sooner. He claims he had no means of learning of this conspiracy until February 5, 2020, when his trial counsel "hand[ed] over" the Boost Mobile depictions of Exhibits 17D and 17E. (Pet. Objs. to R&R, Doc. 10, #325). But even assuming Savage could unearth some prejudicial error in the record, he never articulates what prevented him from finding such an error sooner. Put plainly, if Savage is correct and the trial record does not match the evidence presented at trial, Savage should have discovered this by examining the trial transcript in the year following his conviction.

In response, Savage attempts to shift the burden to the Magistrate Judge, asking why the Magistrate Judge "does not explain how the false exhibits could have been discovered any earlier." (Pet. Objs. to 2d Supp. R&R, Doc. 17, #388). But the Magistrate Judge does not bear the burden here; Savage must demonstrate how he was unavoidably prevented from finding this evidence sooner. He has not.

Savage's citation to *State v. Penland* does not bolster his case. (*Id.* at #388). In *Penland*, a petitioner filed an untimely § 2953 petition for postconviction relief predicated on newly discovered evidence. *State v. Penland*, No. C-190323, 2020 Ohio App. LEXIS 1368, at *4 (Ohio App. Ct. Apr. 8, 2020). After the common pleas court denied his petition, the petitioner appealed. *Id.* at *2. He argued that, after the trial, he learned of alleged *Brady* evidence helpful to his case, claiming this entitled him to postconviction relief. *Id.* But the First District Court of Appeals affirmed the trial court, finding that the "new" evidence was not actually new at all; it had been included in discovery and at trial. *Id.* at *3–4. Because the petitioner had access to the evidence, the appellate court found he was not unavoidably prevented from discovering it, even if he did not actually learn of it himself until later. *Id.* Thus, the untimely petition could not be heard.

Savage argues that his claim in the instant Petition differs from *Penland*. In particular, Savage says that he could not have learned of the "switch in exhibits" before or during trial. (Pet. Objs. to 2d Supp. R&R, Doc. 17, #388). The Court disagrees. Much as in *Penland*, Savage could have timely found the alleged evidence of wrongdoing through inspection of the record. And just as in *Penland*, his failure to

inspect the record in a timely manner does not mean he was "unavoidably prevented" from finding it sooner. While the cases differ in that Savage would only have had access to the alleged wrongdoing after the trial, the record still contains all the evidence that went to the jury. Savage could have examined this record anytime within the year after his trial concluded, and then filed his postconviction petition before the statutory deadline.

Perhaps recognizing he failed to press his claim within the time allotted under Ohio law, Savage separately contends that the state courts could have addressed his concerns sua sponte, meaning the state court had a fair chance to pass on his claims. (*Id.* at #395). Based on this, he asks this Court to treat his claim as both (1) not procedurally defaulted (presumably because it was tacitly "presented" through the appellate court's ability to raise the claim sua sponte), and (2) exhausted in state court, and thus available in habeas. But this misconceives the purpose of the related doctrines of procedural default and exhaustion. The doctrines are designed to offer state courts a "fair opportunity" to consider a claim before a federal court will intervene. *See Ortiz v. Wolfe*, 466 F. App'x 465, 467 (6th Cir. 2012); *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986) (noting that the "question really is whether [state] courts had a fair opportunity to consider appellee's claim"). For that to occur, a party necessarily must *raise* the principal arguments to the state court. A petitioner cannot evade these requirements by shifting the burden of raising and articulating claims to the state courts themselves. The Court will hold Savage to the requirement that he, and not the state courts, present his claims for habeas relief. And his failure to do so

in a timely fashion means that he has procedurally defaulted those claims under state law. That procedural default serves as an adequate and independent state ground that prevents him from now pressing the claims in habeas.

Moreover, Savage's other claims about the violation of his "right to appeal" (Ground Two) and the inefficacy of his trial counsel (Ground Three) are likewise procedurally defaulted. First, this habeas petition represents Savage's first attempt to claim his "right to appeal" has been violated. He has not even attempted exhaustion in the state system. Any effort to do so now would be untimely, and thus procedurally defaulted. And, as the Supplemental R&R points out, to the extent that Savage may seek to recharacterize his claim as sounding in ineffective assistance of appellate counsel, he needed to raise that issue through an Ohio Rule of Appellate Procedure 26(B) motion in state court. (Doc. 12, #338). He has not done so, and cannot do so now. *See Griffin v. Andrews*, No. 2:99-cv-1127, 2006 WL 2422590, at *1 (S.D. Ohio Aug. 22, 2006). As for ineffective assistance of trial counsel, Savage first raised that claim in his Postconviction Petition on February 25, 2020. (Delayed Postconviction, Doc. 5, #185, 196). As demonstrated above, this petition was untimely under state law. Like his other claims raised in the postconviction petition, Savage's claim for ineffective assistance of trial counsel is also procedurally defaulted.

The Court notes some uncertainty among the parties about the existence of a state habeas petition in connection with the procedural default issue. The State briefly refers to a state habeas petition. (Resp., Doc. 6, #277, 281). Savage also references filing a state habeas petition on September 10, 2020, which he claims is

23

"dehors" the record that the Magistrate Judge's R&Rs considered. (Pet. Objs. to R&R, Doc. 10, #326). And, because the Magistrate Judge has not yet considered that petition, Savage believes that "deprives the Magistrate recommendation from a meaningful review" (*id.*), which the Court understands as an argument that the Court should not defer to the R&R because the R&R did not consider that filing. The problem is that the record furnished to this Court includes no state habeas petition. (*See* Doc. 5). And the Magistrate Judge likewise did not find a state habeas petition within the record. (Supp. R&R, Doc. 12, #336). But even putting that aside, the contents of such a petition could do nothing to remedy the timing issues discussed above. In short, whether that petition exists or not, Savage's Postconviction Petition under Ohio Revised Code § 2953 remains untimely.

Therefore, under Ohio law, each of Savage's claims is procedurally defaulted.

### 2. The Court Denies Savage's Objection That His Claim Must Be Heard On The Merits To Avoid A Fundamental Miscarriage Of Justice.

Savage next objects that, even in light of any potential state court procedural default, this Court should hear the merits of his claim to avoid a fundamental miscarriage of justice. (Pet. Objs. to Supp. R&R, Doc. 13, #344).

Even where a habeas petitioner has procedurally defaulted his claim, a federal court may still hear the claim in habeas if "the prisoner can demonstrate cause for the default and actual prejudice … or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Green v. Turner*, No. 14-4254, 2016 WL 11782550, at *1 (6th Cir. 2016 May 9, 2016) (quoting *Coleman v. Thompson*,

24

501 U.S. 722, 750 (1991)). But "[t]he 'fundamental miscarriage of justice'" part of this test is subject to a further restriction—it "applies only where there is a colorable claim of actual innocence." *Floyd v. Alexander*, 148 F.3d 615, 618 (6th Cir. 1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The exception is "rare," and is only applicable "in the extraordinary case." *Id.* at 321. It applies where "in the light of the new evidence … no reasonable juror would have found the defendant guilty." *Id.* at 329.

Savage fails to make the necessary showings to take advantage of this exception to procedural default. As best the Court can tell, Savage is not seeking to meet the cause and prejudice standard, but rather relies only on the fundamental miscarriage of justice exception. His problem, though, is that he has not raised any new evidence, let alone new evidence tending to prove his actual innocence. Absent such evidence, the Court finds Savage's objection is not well taken.

Savage contends that the existing record, when properly analyzed, supports his argument by demonstrating an inconsistency in the exhibits. He notes, for example, that some versions of Exhibits 17D and 17E have exhibit stickers on them, while others do not. (Am. Delayed Postconviction, Doc. 5, #252–55). So what? The contents of the photographs with and without the stickers are the same, and thus lend no credence to his claim that the trial versions of the photographs were different

25

from those that went to the jury. Nor does Savage advance his cause by noting that the witness who identified the photographs at trial referred to "paperwork" in the car footwell rather than "Boost Mobile packaging." (Pet. Objs. to R&R, Doc. 10, #329). Presumably, Savage would have the Court conclude that this description means that the witness must have been reviewing photographs different from the ones now included within the record, depicting Boost Mobile materials. But the Court is not convinced. Having reviewed the allegedly "falsified" 17D and 17E, the Court concludes that the description the witness provided of the photographs at trial is consistent with the appearance of those exhibits now, and thus does not support a claim that the exhibits were swapped.

But even briefly assuming Savage has uncovered an inconsistency in the record,[3] this revelation does not constitute new evidence. Nor does it meet the high burden of showing a fundamental miscarriage of justice. All Savage can factually demonstrate is that he received copies of the Boost Mobile packaging with "exhibit" stickers on them. (Pet. Objs. to Supp. R&R, Doc. 13, #346). He uses this fact to argue that the existence of analogous images in the record without exhibit stickers somehow uncovers fraud. (*Id.*). Yet in all likelihood, Savage has uncovered a mere clerical error. And any attempt to extrapolate from such a slender reed to prove Savage's actual innocence requires an unsupported theory based on an overarching conspiracy

---

[3] In weighing this argument, the Court takes Savage at his word that he has uncovered an inconsistency. Yet it should be noted that the First District Court of Appeals found these images of Boost Mobile packaging did indeed enter the trial as evidence in support of Savage's conviction. *State v. Savage*, No. C-180413, 2019 WL 6353778, at *4 (Ohio Ct. App. Nov. 27, 2019). This too seriously undermines Savage's telling of the facts.

involving the police, prosecution, and his own counsel. The Court finds Savage has failed even to plausibly allege a fundamental miscarriage of justice.

Moreover, the Court will not credit the "affidavits" Savage filed alongside his delayed postconviction petition. Apparently recognizing his chief weakness—lack of facts—Savage presents affidavits "from" the prosecution, the police, and his own trial counsel "admitting" to falsification of evidence, "corrupting the outcome" of his trial, illegal conspiracy, and other wrongdoing. (Am. Delayed Postconviction, Doc. 5, #233–35). But in fact, it is Savage *himself* who provides the "testimony" in the affidavits, which amounts to nothing more than him repeating his allegations of a conspiracy. While perhaps creative, these affidavits add nothing, and they deserve no more than passing reference, and rejection, by this Court.

Finally, in his second set of objections, Savage cites to this Court's 2012 decision in *Bies v. Bagley*, No. 1:00-cv-682, 2012 U.S. Dist. LEXIS 49897 (S.D. Ohio Apr. 10, 2012). Savage cites *Bies* for the proposition that the State cannot seek to enforce a procedural bar to habeas review when the State itself has caused the default by withholding evidence. (Pet. Objs. to Supp. R&R, Doc. 13, #341–42). But importantly, *Bies* concerns the withholding of exculpatory *Brady* evidence, itself a constitutional violation. 2012 U.S. Dist. LEXIS 49897, at *34–57. Beyond the fact that there is no proof here any evidence was ever withheld, Savage does not raise any *Brady* claims. Therefore, *Bies* is inapplicable to the instant case.

In sum, the Court finds that Savage has failed to overcome his procedural default by showing it would a fundamental miscarriage of justice.

### 3. The Court Denies Savage's Objection That The Trial Court Lacked Subject Matter Jurisdiction To Hear His Case.

After arguing he complied with habeas's exhaustion requirements, Savage seemingly proceeds to argue in the alterative that his conviction is void ab initio because the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to convict him. (Pet. Objs. to Supp. R&R, Doc. 13, #347; Pet. Objs. to 2d Supp. R&R, Doc. 17, #394). In essence, Savage objects that the warrant obtained to authorize his arrest and the search of his rented truck lacked probable cause. (Pet. Objs. to Supp. R&R, Doc. 13, #347). By his understanding, this deprives the Hamilton County court of subject matter jurisdiction over his criminal case. (*Id.*). That argument fails for multiple reasons.

To start, Savage failed to argue this claim in his Habeas Petition. To be sure, he raised this contention in his November 2020 Postconviction Petition in state court, but the instant Habeas Petition fails to assert this ground for relief. (Am. Delayed Postconviction, Doc. 5, #224; Reply, Doc. 7). Indeed, Savage first raised this argument to the federal court in his Objections. (Pet. Objs. to R&R, Doc. 10, #327; Pet. Objs. to Supp. R&R, Doc. 13, #347). As a result, the Magistrate Judge could not respond to Savage's subject matter jurisdiction argument until the Supplemental R&R. (Doc. 12, #336–37). Savage's failure to raise this claim in his Petition precludes the Court from relying on it as a basis for habeas relief. *See Biggs v. Coleman*, No. 5:11CV00292, 2014 WL 185893, at *5 (N.D. Ohio Jan. 15, 2014) (collecting cases).

In any event, even assuming Savage could show his arrest lacked probable cause (which the Court doubts), this does not deprive the Hamilton County Court of

Common Pleas of subject matter jurisdiction to hear his prosecution for robbery. The Hamilton County Court of Common Pleas enjoys "original jurisdiction of all crimes and offenses" within the jurisdiction of Hamilton County, "except in cases of minor offenses," for which "the exclusive jurisdiction … is vested in courts inferior to the court of common pleas." *See* Ohio Rev. Code §§ 2931.02, 2931.03. The existence of probable cause has no impact whatsoever on the trial court's subject matter jurisdiction. Indeed, as the Supplemental R&R rightly pointed out, no other court besides the Hamilton County Court of Common Pleas *could* have heard this case. (Doc. 12, #336).

Therefore, the Court finds that Savage has failed show that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him.

### 4.  The Court Denies Savage's Objection That He Would Otherwise Prevail On The Merits Of His Claims.

Finally, many of Savage's Objections can be categorized as invitations for the Court to rule on the merits of his claim. For the reasons already stated, the Court has determined that Savage procedurally defaulted every claim before this Court. But even assuming Savage had not procedurally defaulted them, each claim would still fail on the merits.

### a.  Savage Fails To Show That Exhibits 17D And 17E Were Falsified.

In his first ground, Savage asserts his principal complaint—the prosecution, police, and his own defense counsel worked together to place false evidence before the jury to obtain Savage's conviction. (Petition for Writ, Doc. 1, #7). In Savage's telling,

the Boost Mobile packaging photos labeled 17D and 17E, (Am. Delayed Postconviction, Doc. 5, #252–53), never appeared at trial. (Pet. Objs. to Supp. R&R, Doc. 13, #342–44). Instead, Savage believes the prosecution at trial submitted Exhibits 17D and 17E as "non material paperwork," (Reply, Doc. 7, #293), before switching them out for the Boost Mobile depictions. (Pet. Objs. to R&R, Doc. 10, #326). Therefore, there was no opportunity for the prosecution to authenticate them, and the pictures could not be relevant to his conviction. (*Id.*). Savage objects to what he calls the "swap" of Exhibits 17D and 17E, and the conspiracy of various trial actors to accomplish that swap. To Savage, these errors all represent grounds for habeas relief. Considered on the merits, the Court finds Savage's first ground still fails.

As a threshold matter, Savage's complaints about authenticity and relevance are not cognizable under federal habeas review. It is hornbook law that federal habeas relief cannot be granted for state court violations of purely state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Only "custody in violation of the Constitution or laws or treaties of the United States" warrants relief. 28 U.S.C. § 2241(c)(3). Ohio's laws govern what evidence is relevant in Ohio court and how that evidence is authenticated. Ohio Evid. R. 401; Ohio Evid. R. 901. Indeed, few bodies of law fit more squarely in the province of state, and not federal, law. *See Montana v. Egelhoff*, 518 U.S. 37, 43 (1996). A state evidentiary rule will only raise federal constitutional Due Process concerns if the rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson v. New York*, 432 U.S. 197, 201–02 (1977).

30

Measured against that standard, Savage's arguments concerning authentication and relevance do not cut it as a basis for habeas review (although, of course, an intentional swap of exhibits would, which the Court addresses below). (Pet. Objs. to Supp. R&R, Doc. 13, #344–46). In objecting to the Supplemental R&R, Savage cites to Ohio Evidence Rule 901 and Federal Rule of Evidence 901 concerning authentication; Savage fails to cite to any authority concerning relevance. (*Id.* at #343). In so doing, Savage fails to identify any applicable federal constitutional principle or law implicated by the Ohio evidence rules. To the extent that Savage meant to allege that the State's treatment of Exhibits 17D and 17E was so deficient that it violated the Fourteenth Amendment's Due Process Clause, he did not properly raise nor brief this argument. *See Johnston v. Hildebrand*, 40 F.4th 740, 749 (6th Cir. 2022) ("We need not consider this argument because '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]'"). The Court will not manufacture Savage's case for him.

As for the alleged swap itself, the Court need not long dwell on Savage's theory of a conspiracy between the police, prosecution, and his own trial counsel. To borrow a line from Carl Sagan, extraordinary claims require extraordinary evidence. Yet, here, as discussed above, the Court sees no evidence, in the record or otherwise, that provides any plausible support for Savage's "swap" or conspiracy theories. And as the Second Supplemental R&R notes, the First District Court of Appeals found as a matter of fact that the Boost Mobile packaging *did* indeed appear at trial. (2d Supp. R&R, Doc. 16, #375); *State v. Savage*, No. C-180413, 2019 WL 6353778, at *4 (Ohio

Ct. App. Nov. 27, 2019). Savage asks the Court to blindly credit his fantastic and unsupported allegations while disregarding the Ohio appeals court's holding. As another court put it, "[t]he main problem with Petitioner's argument is that it presumes facts not in the record and disregards facts that are in the record." *United States v. Winans*, No. 15-11382, 2017 WL 1354138, *7 (E.D. Mich. Apr. 13, 2017). The Court declines Savage's invitation to delve into unsubstantiated and non-plausibly alleged theories of official wrongdoing.

> **b.** **The Constitution Does Not Provide Savage A Right To Appeal.**

In his second ground, Savage argues that he was denied his "right to appeal." (Petition for Writ, Doc. 1, #8). Specifically, Savage argues that the Ohio appeals court violated his rights when it denied his motion for reconsideration after he alleged Exhibits 17D and 17E were falsified. (Reply, Doc. 7, #292–93). The R&R rejected this argument, noting that the federal Constitution guarantees no "right to appeal," making Savage's contention not cognizable under federal habeas review. (Doc. 9, #310). In his objections, Savage tweaks the point a bit by arguing that the appeals court violated the Constitution by sustaining his conviction based on what he believes is "false evidence." (Doc. 13, 348–49). Either way, the claim fails.

To start, the R&R is correct that the Constitution does not guarantee a defendant a right to an appeal at all. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005) (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894) ("The Federal Constitution imposes on the States no obligation to provide appellate review of criminal

convictions."). Thus, allegedly "denying" that right cannot provide a basis for habeas relief.

On the false evidence front, Savage quotes *Napue v. Illinois*, 360 U.S. 264 (1959), which he says stands for the proposition that an appellate court cannot affirm a conviction based on knowingly false evidence. (Pet. Objs. to Supp. R&R, Doc. 13, #349–50). More specifically, he observes that *Napue* holds:

> [A] conviction obtained through use of false evidence, known to be such by representatives of the State, must still fall under the Fourteenth Amendment. The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.

(*Id.* at #350) (emphasis omitted) (citations omitted) (quoting *Napue*, 360 U.S. at 269). So far, so good. To Savage's credit, he accurately notes that an appellate court cannot affirm a conviction based on false testimony without violating the Due Process Clause, although one could quibble with his characterization of this as a "right to appeal" issue.

The problem, though, is that the Sixth Circuit uses a three-part test to determine if the use of false testimony violates the Due Process Clause of the Fourteenth Amendment:

> In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.

*Brooks v. Tennessee*, 626 F.3d 878, 894–95 (6th Cir. 2010) (quoting *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998)) (internal quotation marks omitted). Here, the Court finds that Savage cannot satisfy the first prong—actual falsity. As noted several

33

times already, Savage has not carried his burden to show that Exhibits 17D and 17E were falsified. Therefore, the First District Court of Appeals did not violate Savage's constitutional rights when it affirmed his conviction.

### c.    Savage's Ineffective Assistance Of Counsel Claim Falls Short.

Finally, Savage's third ground alleges he was denied effective assistance of counsel. (Petition for Writ, Doc. 1, #10). He contends that his trial counsel joined a conspiracy to convict him, evidenced by counsel's failure to object at trial to the depictions of the Boost Mobile packaging and by counsel's "handing over" "falsif[ied]" copies of Exhibits 17D and 17E post-trial. (Pet. Objs. to R&R, Doc. 10, #325; Reply, Doc. 7, #291–92).

As already noted, the R&R correctly concludes that Savage has procedurally defaulted this ground by failing to present it in state court. But even putting that aside, Savage has not properly raised a claim for ineffective assistance of counsel in this Court either. Savage has never, in either his Reply or his Objections, briefed the merits of his ineffective assistance claim. Therefore, it is deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

Moreover, to the extent that Savage is claiming that his counsel erroneously failed to object to certain exhibits at trial, such evidentiary issues rarely rise to the level of a constitutional violation. *William v. Burt*, 949 F.3d 966, 975 (6th Cir. 2020) ("Absent other indicators, counsel's failure to object could fairly be described as a judgment call by counsel, something that rarely amounts to constitutionally ineffective assistance."); *see also Strickland v. Washington*, 466 U.S. 668, 690 (1984)

34

("[C]ounsel is strongly presumed to have rendered adequate assistance."). Of course, if Savage's counsel had in fact joined a conspiracy against him, that would be a constitutional violation. U.S. CONST. amend. VI. But at the risk of belaboring the point, Savage has utterly failed to raise any evidence plausibly suggesting that happened here.

In sum, the Court finds that, even if it were inclined to reach the merits of Savage's arguments, he would not be entitled to habeas relief.

## C. The Magistrate Correctly Rejected Savage's Motion For An Evidentiary Hearing.

Perhaps sensing the factual deficiencies in his Petition, Savage separately moved for an evidentiary hearing in his second set of objections. (Pet. Objs. to Supp. R&R, Doc. 13, #350–51). At such an evidentiary hearing, Savage hopes to "test the validity of exhibits 17D and 17E" and bring to light evidence he believes will demonstrate the images of Boost Mobile packaging never appeared trial. (*Id.* at #350). The Second Supplemental R&R included a decision rejecting this Motion, noting "that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to 'review of the state court record,' and that evidence acquired through use of an evidentiary hearing may not be considered." (2d Supp. R&R, Doc. 16, #381) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)). This Court agrees.

"[D]istrict courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). A district court may grant an evidentiary hearing as a remedy

once a federal-law error has been found, but not to determine "whether a state court's adjudication of a claim involved an unreasonable federal-law error." *Harris v. Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014) (quoting *Pinholster*, 563 U.S. at 184–85).

Here, the Court agrees with the Second Supplemental R&R that granting an evidentiary hearing would be improper. While no state court has directly tested Savage's conspiracy theory, the First District Court of Appeals ruled on direct appeal that images of Boost Mobile packaging properly appeared at trial. *State v. Savage*, No. C-180413, 2019 WL 6353778, at *4 (Ohio Ct. App. Nov. 27, 2019). An evidentiary hearing aimed at poking holes in the trial record simply gives Savage the opportunity to "supplement existing state court records" previously ruled on by the state courts. *Ballinger*, 709 F.3d at 561. That, the Court cannot allow.

The Court concludes that the Magistrate Judge did not commit clear error or act contrary to law in denying Savage's request for an evidentiary hearing. Accordingly, the Court **OVERRULES** Savage's objections to the Magistrate Judge's Order denying Savage's motion for an evidentiary hearing.

## D. The Magistrate Correctly Rejected Savage's Motion For An Extension Of Time.

Finally, after filing his most recent round of Objections, Savage moved for a prospective extension of time applicable to all future filings in this case. (Doc. 18, #400). The Magistrate Judge summarily denied this motion (Doc. 20), and Savage objected to this denial. (Doc. 21, #406–47). The Court agrees with the Magistrate Judge. With Savage's Petition dismissed, there are no anticipated motions, responses,

36

or other filings for him to make at this time. This makes the Motion for Extension of Time premature. If at some point in the future, Savage needs to request additional time for a filing, he may make that request at that time.

The Court concludes that the Magistrate Judge did not commit clear error or act contrary to law in denying Savage's prospective request for an extension of time. Accordingly, the Court **OVERRULES** Savage's objection.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Savage's Objections (Doc. 10) to the R&R (Doc. 9), Objections (Doc. 13) to the Supplemental R&R (Doc. 12), and Objections (Doc. 17) to the Second Supplemental R&R (Doc. 16). Accordingly, the Court **ADOPTS** the R&R (Doc. 9), Supplemental R&R (Doc. 12), and Second Supplemental R&R (Doc. 16) and **DISMISSES** Savage's Habeas Petition (Doc. 1) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket. Because the Court finds that reasonable jurists would not disagree with this conclusion, the Court **DENIES** Savage a certificate of appealability. Further, the Court **CERTIFIES** that any appeal of this Opinion would be objectively frivolous and should not be permitted to proceed in forma pauperis.

Further, the Court **OVERRULES** Savage's objections to the Magistrate Judge's Orders on his Motion for Stay of Proceedings (Doc. 10) and Motion for Evidentiary Hearing (Doc. 13). The Court further **OVERRULES** Savage's objections

(Doc. 21) to the Magistrate Judge's Order (Doc. 20) on his Motion for Extension of Time (Doc. 18), meaning the Motion is **DISMISSED WITHOUT PREJUDICE**.

      **SO ORDERED.**

September 19, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

38