IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EDDIE SAVAGE,

        Petitioner,      :      Case No. 1:21-cv-33

- vs -      District Judge Douglas R. Cole
      Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
 Pickaway Correctional Institution,

              :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Eddie Savage under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 24).  The Federal Rules of Civil Procedure do not provide for a motion for reconsideration under that name, but the Court is authorized to consider a motion to correct or amend the judgment if it is filed within twenty-eight days after judgment.  Fed.R.Civ.P. 59(e).  Post-judgment motions arse referred to a Magistrate Judge for report and recommendation rather than initial decision.

Judgment was entered in this case on September 20, 2022 (ECF No. 23) and the instant motion was filed October 2, 2022, the date on which Savage declares under penalty of perjury he deposited it in the prison mail system (Motion, ECF No. 24, PageID 459).  Considered as a motion to amend the judgment, the instant motion is timely filed.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law;

1

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)."

Having read Petitioner's Motion, the Magistrate Judge does not believe it demonstrates a clear error of law or fact justifying amending the judgment. The District Court has already thoroughly considered Savage's argument about these exhibits and rejected them (Opinion and Order, ECF No. 22). Thus Savage's instant argument is precisely what the case law precludes: a reargument of points already made before judgment and rejected by the Court.

Petitioner's Motion for Reconsideration should be denied.

October 21, 2022.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
