UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE SAVAGE,

      Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 1:21-cv-33
JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## ORDER

This cause is before the Court on the Magistrate Judge's October 21, 2022, Report and Recommendation ("R&R," Doc. 25) advising the Court to deny Petitioner Eddie Savage's Motion for Reconsideration (Doc. 24). For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 25) and **DENIES** Savage's Motion (Doc. 24).

Petitioner Eddie Savage petitioned seeking relief under 28 U.S.C. § 2254 on January 15, 2021. (Pet., Doc. 1). After screening the petition, the Magistrate Judge recommended dismissing it with prejudice. (Doc. 9). Savage objected. (Doc. 10). In light of his objections, the Court recommitted the matter to the Magistrate Judge, who filed a supplemental recommendation. (Doc. 12). Savage then objected once more. (Doc. 13). At the Court's direction, the Magistrate Judge then submitted a second supplemental recommendation. (Doc. 16). Following that, Savage objected yet again. (Doc. 17). After reviewing all the R&Rs and objections, the Court adopted the

recommendations, dismissed Savage's Petition with prejudice, and terminated the matter from the docket. (Op., Doc. 22).

Savage has now moved for reconsideration. (Doc. 24). In his motion, Savage challenges the Court's conclusion that he failed "to show that exhibits 17D and 17E were falsified." (*Id.* at #456). Specifically, he disputes that what a witness described as "non-material paperwork" and what the prosecutor described as "Boost Mobile packaging" refer to the same depiction. (*Id.* at #457). Savage also attacks—for the very first time—what he calls "Petitioners exhibits, 17F, 17H, [and] 17G," alleging they are examples of "unaccounted for items" that improperly influenced the jury's deliberations. (*Id.*).

Evaluating the matter as a Motion to Alter or Amend a Judgment under Rule 59(e), the Magistrate Judge issued a new R&R on October 21, 2022, advising the Court to deny the Motion. (Doc. 25, #462). The Magistrate Judge concluded Savage had used his Motion as an impermissible "reargument of points already made before judgment and rejected by the Court." (*Id.*).

Beyond recommending the Motion be denied, the R&R specifically advised the parties that failure to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #462–63); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to

2

the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and neither party has objected to the R&R.

Even still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Savage is not entitled to an altered or amended judgment. He has not identified a clear error of law or fact, newly discovered evidence, an intervening change in controlling law, or any manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (describing the showing needed to alter or amend a judgment). Instead, Savage asks to relitigate issues the Court has considered and rejected, and seeks to raise novel arguments previously available to him. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (recognizing a party's "set[ting] forth his own account of the events" does not constitute "newly discovered evidence"). The Court declines Savage's

invitation. *See McFarlane v. Warden*, No. 2:18-cv-1377, 2019 WL 3501531, at *1–2 (S.D. Ohio Aug. 1, 2019) (denying a Rule 59(e) motion to reconsider a habeas petition).

In short, the Court **ADOPTS** the R&R (Doc. 25) and **DENIES** Savage's Motion for Reconsideration (Doc. 24). Savage's Petition remains terminated.

**SO ORDERED.**

<u>  December 27, 2022  </u>        <u>                       </u>
**DATE**            **DOUGLAS R. COLE**
                **UNITED STATES DISTRICT JUDGE**